IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LEON DENNIS OCHIENG,
ADMINISTRATOR OF THE ESTATE OF
IRVO NOEL OTIENO,

    Plaintiff,

v.                               Case No. 3:25-cv-00166-JAG

HCA HEALTH SERVICES OF VIRGINIA,
INC.,

    Defendant.

**ANSWER**

       Defendant HCA Health Services of Virginia, Inc. ("HCA"), by counsel, provides the following Answer to Plaintiff's Complaint.

       1.     The allegations contained in Paragraph 1 of Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent a response is required, HCA admits only that Plaintiff's Complaint purports to assert claims pursuant to Virginia's wrongful death statute and a claim pursuant to 42 U.S.C. § 1395dd, the Emergency Medical Treatment and Active Labor Act ("EMTALA"). HCA denies that any act or omission on its part caused injury or damage to Plaintiff, denies that it is liable to the Plaintiff under any legal theory, and denies that Plaintiff is entitled to the relief sought in his Complaint. All allegations contained in Paragraph 1 of Plaintiff's Complaint not specifically admitted herein are hereby denied.

       2.     In response to the allegations contained in Paragraph 2 of Plaintiff's Complaint, HCA admits only that on March 3, 2023, Mr. Otieno presented to Henrico Doctors' Hospital – Parham to seek mental health treatment. HCA denies that any act or omission on its part caused injury or damage to Plaintiff, denies that it is liable to the Plaintiff under any legal theory, and

1

denies that Plaintiff is entitled to the relief sought in his Complaint. All allegations contained in Paragraph 2 Plaintiff's Complaint not specifically admitted herein are hereby denied.

## JURISDICTION

3.    The allegations contained in Paragraph 3 of Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent a response is required, HCA does not object to this Court's jurisdiction at this time. HCA that it is liable to Plaintiff under any legal theory and denies that Plaintiff is entitled to the relief sought in his Complaint.

## VENUE

4.    The allegations contained in Paragraph 4 of Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent a response is required, HCA does not object to venue in this district at this time. HCA denies that any act or omission on its part caused injury or damage to Plaintiff, denies that it is liable to Plaintiff under any legal theory, and denies that Plaintiff is entitled to the relief sought in his Complaint.

5.    The allegations contained in Paragraph 5 of Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent a response is required, HCA does not object to venue in this division at this time. HCA denies that any act or omission on its part caused injury or damage to Plaintiff, denies that it is liable to Plaintiff under any legal theory, and denies that Plaintiff is entitled to the relief sought in his Complaint.

## PARTIES

6.    In response to the allegations contained in Paragraph 6 of Plaintiff's Complaint, HCA denies that Plaintiff is entitled to the relief sought under any theory of liability. Upon information and belief, HCA admits that Leon Dennis Ochieng is the brother of the decedent,

2

Irvo Otieno, and qualified as the administrator of Mr. Otieno's estate. The remaining allegations contained in Paragraph 6 of Plaintiff's Complaint are denied.

7.    HCA admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

## FACTS COMMON TO ALL COUNTS

8.    In response to the allegations contained in Paragraph 8 of Plaintiff's Complaint, HCA admits that Henrico Doctors' Hospital – Parham offers behavioral health care, inpatient rehabilitation, emergency care, and outpatient surgery. HCA admits that it is a subsidiary of HCA Healthcare, Inc. HCA admits that HCA Healthcare, Inc. is a hospital company with more than 190 hospitals in 20 states and the United Kingdom. All allegations contained in Paragraph 8 of Plaintiff's Complaint not specifically admitted herein are denied.

9.    HCA denies the allegations contained in Paragraph 9 of Plaintiff's Complaint as phrased. HCA denies that any act or omission on its part caused injury or damage to Plaintiff, denies that it is liable to the Plaintiff under any legal theory, and denies that Plaintiff is entitled to the relief sought in his Complaint.

10.    HCA denies the allegations contained in Paragraph 10 of Plaintiff's Complaint as phrased. HCA denies that any act or omission on its part caused injury or damage to Plaintiff, denies that it is liable to the Plaintiff under any legal theory, and denies that Plaintiff is entitled to the relief sought in his Complaint.

11.    HCA denies the allegations contained in Paragraph 11 of Plaintiff's Complaint as phrased. HCA denies that any act or omission on its part caused injury or damage to Plaintiff, denies that it is liable to the Plaintiff under any legal theory, and denies that Plaintiff is entitled to the relief sought in his Complaint.

12.     The allegations contained in Paragraph 12 of Plaintiff's Complaint set forth a restatement of 42 U.S.C. § 290ii(a), which requires no response. To the extent a response is required, HCA denies that Plaintiff is entitled to recovery under the EMTALA statute or any other theory of liability.

13.     HCA denies the allegations contained in Paragraph 13 of Plaintiff's Complaint as phrased. HCA further avers that its written policies are documents which speak for themselves.

14.     HCA lacks information sufficient to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint; therefore, those allegations are denied.

15.     HCA lacks information sufficient to admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint; therefore, those allegations are denied.

16.     HCA lacks information sufficient to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint; therefore, those allegations are denied.

17.     HCA lacks information sufficient to admit or deny the allegations contained in Paragraph 17 of Plaintiff's Complaint; therefore, those allegations are denied.

18.     HCA lacks information sufficient to admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint; therefore, those allegations are denied.

19.     In response to the allegations contained in Paragraph 19 of Plaintiff's Complaint, HCA avers that it is without sufficient information or knowledge to admit or deny Mr. Otieno's medical history as set forth in the Complaint. With respect to the remaining allegations regarding diagnosis and symptoms of certain medical conditions, this calls for expert opinions and is therefore denied.

20.     HCA lacks information sufficient to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint; therefore, those allegations are denied.

21. HCA lacks information sufficient to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint; therefore, those allegations are denied.

22. HCA lacks information sufficient to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint; therefore, those allegations are denied.

23. HCA lacks information sufficient to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint; therefore, those allegations are denied.

24. In response to the allegations contained in Paragraph 24 of Plaintiff's Complaint, HCA admits only that the medical records reflect that on March 3, 2023, Mr. Otieno was experiencing a mental health crisis. HCA lacks information sufficient to admit or deny the remaining allegations contained in Plaintiff's Complaint; therefore, those allegations are denied.

25. HCA lacks information sufficient to admit or deny the allegations contained in Paragraph 25 of Plaintiff's Complaint; therefore, those allegations are denied.

26. HCA lacks information sufficient to admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint; therefore, those allegations are denied.

27. HCA lacks information sufficient to admit or deny the allegations contained in Paragraph 27 of Plaintiff's Complaint; therefore, those allegations are denied.

28. HCA lacks information sufficient to admit or deny the factual allegations contained in Paragraph 28 of Plaintiff's Complaint; therefore, those allegations are denied. The remaining allegations contained in Paragraph 28 of Plaintiff's Complaint set forth legal conclusions or restatements of the law that require no response. To the extent a response is required, HCA denies those allegations and calls for strict proof thereof.

29. HCA lacks information sufficient to admit or deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. In response to the allegations contained in Paragraph 30 of Plaintiff's Complaint, HCA admits that Henrico Doctors' Hospital operates a crisis receiving center and that medical records reflect that Mr. Otieno was brought, by police, to the crisis receiving center on March 3, 2023. The remaining allegations contained in Paragraph 30 of Plaintiff's Complaint, including all subparagraphs, set forth legal conclusions or restatements of the law that require no response. All allegations contained in Paragraph 30 of Plaintiff's Complaint not specifically admitted herein are hereby denied.

31. In response to the allegations contained in Paragraph 31 of Plaintiff's Complaint, HCA admits only that the medical records reflect that on March 3, 2023 at 13:37, Mr. Otieno "present[ed] to the emergency room due to bizarre, aggressive and disruptive behavior. Has been off his psychiatric medications and is reportedly breaking into people's property and houses. Patient is extremely angry, agitated and bizarre. I'm unable to obtain history due to his anger and insults." All allegations contained in Paragraph 31 of Plaintiff's Complaint not specifically admitted herein are hereby denied.

32. HCA denies the allegations contained in Paragraph 32 of Plaintiff's Complaint as phrased.

33. In response to the allegations contained in Paragraph 33 of Plaintiff's Complaint, HCA admits that the medical records reflect that at 13:51 Frederick Odoo Wani, MD ("Dr. Odoo Wani") ordered Geodon, diphenhydramine, and water for injection. The medical records further reflect that Mr. Otieno received 20mg of Geodon via intramuscular injection at 13:59 and 50mg of diphenhydramine via intramuscular injection at 14:00. All allegations contained in Paragraph 33 of Plaintiff's Complaint not specifically admitted herein are hereby denied.

34.     In response to the allegations contained in Paragraph 34 of Plaintiff's Complaint, HCA admits that the medical record reflects that at 13:51, Mr. Otieno's vitals were taken which revealed a blood pressure of 157/104 and respiration rate of 18. All allegations contained in Paragraph 34 of Plaintiff's Complaint not specifically admitted herein are hereby denied.

35.     In response to the allegations contained in Paragraph 35 of Plaintiff's Complaint, HCA admits that the medical record reflects that at 13:53, Dr. Odoo Wani documented that his primary impression for Mr. Otieno was acute psychosis. All allegations contained in Paragraph 35 of Plaintiff's Complaint not specifically admitted herein are hereby denied.

36.     HCA lacks information sufficient to admit or deny the allegations contained in Paragraph 36 of Plaintiff's Complaint; therefore, those allegations are denied.

37.     In response to the allegations contained in Paragraph 37 of Plaintiff's Complaint, HCA admits that the medical record reflects that at 14:29 nursing notes documented: "pt in room yelling and screaming, using derogatory statements towards HPD, pt maneuvered his legs to off side of stretcher, HPD at bedside to assist pt back on stretcher with pt yelling and screaming "I'll f***ing kill you pig", pt using other derogatory/racist statements towards HPD. Pt back on stretcher, railings in place, pt handcuffed both hands/ankles, pt given call bell with zip ties in place, lights dimmed, pt continues to yell at this time." All allegations contained in Paragraph 37 of Plaintiff's Complaint not specifically admitted herein are hereby denied.

38.     In response to the allegations contained in Paragraph 38 of Plaintiff's Complaint, HCA admits that the medical record reflects that at 15:18, Dr. Odoo Wani ordered Thorazine. HCA admits that the medical record further reflects that at 15:19 Dr. Odoo Wani ordered Lorazepam. All allegations contained in Paragraph 38 of Plaintiff's Complaint not specifically admitted herein are hereby denied.

39.     In response to the allegations contained in Paragraph 39 of Plaintiff's Complaint, HCA admits that the medical record reflects that at 17:24, Gary Leauby, RN, performed a Broset screening which revealed that Mr. Otieno was boisterous and irritable. HCA admits that the medical records reflect that at the time of the Broset screening, Mr. Otieno was not verbally or physically threatening. All allegations contained in Paragraph 39 of Plaintiff's Complaint not specifically admitted herein are hereby denied.

40.     In response to the allegations contained in Paragraph 40 of Plaintiff's Complaint, HCA admits that the medical record reflects that at 17:26 Gary Leauby, RN held a patient education session with Mr. Otieno. Gary Leauby, RN informed Mr. Otieno of his condition, disease process, medications, and treatment plan. The medical record reflects that Gary Leauby, RN documented that Mr. Otieno was cooperative and asked questions during the session. All allegations contained in Paragraph 40 of Plaintiff's Complaint not specifically admitted herein are hereby denied.

41.     In response to the allegations contained in Paragraph 41 of Plaintiff's Complaint, HCA admits that the medical record reflects that at 18:58, nursing notes documented: "pt in room yelling and screaming "I will kill yall mother f***ers, all of yall, f*** yall white b***h p****es". Pt banging on stretcher, EDMD advised pt in need of medications. HPD at bedside to assist with medication administering, pt clawing/hitting/scratching/kicking/spitting at HPD. Officer Nagle with several linear scratches to left neck, tragus of left ear and behind left ear with bruising to left cheek where pt punched officer in the face." All allegations contained in Paragraph 41 of Plaintiff's Complaint not specifically admitted herein a hereby denied.

42.     HCA denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

8

43. HCA lacks information sufficient to admit or deny the allegations contained in Paragraph 43 of Plaintiff's Complaint; therefore, those allegations are denied.

44. HCA lacks information sufficient to admit or deny the allegations contained in Paragraph 44 of Plaintiff's Complaint; therefore, those allegations are denied.

45. The allegations contained in Paragraph 45 of Plaintiff's Complaint, in part, set forth legal conclusions and restatements of the law to which no response is required. HCA denies that any act or omission on its part caused injury or damage to Plaintiff, denies that it is liable to the Plaintiff under any legal theory, and denies that Plaintiff is entitled to the relief sought in his Complaint. HCA denies the remaining allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. In response to the allegations contained in Paragraph 46 of Plaintiff's Complaint, HCA avers that Mr. Otieno was removed from HCA by Henrico County Police on March 3, 2023 and never returned to HCA prior to his death on March 6, 2023 at Central State Hospital. As to the remaining allegations contained in Paragraph 46 of Plaintiff's Complaint, not specifically admitted herein, HCA lacks sufficient information or knowledge to admit or deny; therefore, such allegations are denied. HCA denies that any act or omission on its part caused injury or damage to Plaintiff, denies that it is liable to the Plaintiff under any legal theory, and denies that Plaintiff is entitled to the relief sought in his Complaint.

47. The allegations contained in Paragraph 47 of Plaintiff's Complaint attempt to summarize the Medical Facilities Inspectors report attached to the Complaint as Exhibit C, which speaks for itself. All characterizations of the report are denied. All allegations contained in Paragraph 47 not specifically admitted herein are hereby denied.

## COUNT ONE – VIOLATIONS OF THE EMERGENCY MEDICAL TREATMENT AND ACTIVE LABOR ACT (EMTALA) – 42 U.S.C. §1395dd

48.    HCA incorporates its answers to Paragraphs 1-47 of Plaintiff's Complaint as if fully set forth herein.

49.    The allegations contained in Paragraph 49 of Plaintiff's Complaint set forth legal conclusions and restatements of the law to which no response is required. To the extent a response is required, HCA denies that Plaintiff is entitled to recover under 42 U.S.C. § 1395dd or any other theory of liability.

50.    HCA denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.    HCA denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.    The allegations contained in Paragraph 52 of Plaintiff's Complaint set forth legal conclusions and restatements of the law to which no response is required. To the extent a response is required, HCA denies that Plaintiff is entitled to recover under 42 U.S.C. § 1395dd or any other theory of liability.

53.    HCA denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.    HCA denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

## COUNT TWO – SURVIVAL STATUTE
### (NEGLIGENCE AND WILLFUL AND WANTON NEGLIGENCE)

55.    HCA incorporates its answers to Paragraphs 1-54 of Plaintiff's Complaint as if fully set forth herein.

56.    The allegations contained in Paragraph 56 of Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent a response is required, HCA denies that it breached any duty owed to Otieno.

10

57.    The allegations contained in Paragraph 57 of Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent a response is required, HCA denies that it breached any duty owed to Otieno.

58.    HCA denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.    HCA denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.    HCA denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

## COUNT TWO – WRONGFUL DEATH
### (NEGLIGENCE AND WILLFUL AND WANTON NEGLIGENCE)

61.    HCA incorporates its answers to Paragraphs 1-60 of Plaintiff's Complaint as if fully set forth herein.

62.    The allegations contained in Paragraph 62 of Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent a response is required, HCA denies that it breached any duty owed to Otieno.

63.    The allegations contained in Paragraph 63 of Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent a response is required, HCA denies that it breached any duty owed to Otieno.

64.    HCA denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.    HCA denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.    HCA denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.    HCA denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

## FIRST DEFENSE

68.    HCA denies all allegations or conclusions made against it in the Complaint that are not specifically admitted herein.

11

**SECOND DEFENSE**

69.     HCA denies that anyone for whom it would be responsible at law breached or violated any duty owing to the plaintiff, or is guilty of any negligence whatsoever.

**THIRD DEFENSE**

70.     HCA denies that any act or omission by anyone for whom it would be responsible at law was a proximate cause of any injuries or damages claimed by the plaintiff.

**FOURTH DEFENSE**

71.     HCA denies that anyone for whom it would be responsible at law engaged in willful and wanton conduct.

**FIFTH DEFENSE**

72.     HCA specifically denies that it, or anyone for whom it would be responsible at law, is obligated to the plaintiff in any amount or for any cause whatsoever.

**SIXTH DEFENSE**

73.     HCA specifically denies that the plaintiff is entitled to an award of punitive damages.

**SEVENTH DEFENSE**

74.     HCA reserves the right to assert all applicable affirmative defenses to the extent that such defenses are supported by additional records and/or by further investigation, discovery and/or evidence.

**EIGHTH DEFENSE**

75.     HCA reserves the right to amend its Answer to the extent that any such amendment should be supported by additional records and/or by further investigation, discovery and/or evidence.

**NINTH DEFENSE**

76.     HCA avers that Plaintiff has failed to state a claim for the reasons set forth in the previously filed Motion to Dismiss and Briefs in Support which are fully incorporated herein.

**TENTH DEFENSE**

77.     HCA denies that it is indebted to Plaintiff in the amount claimed or in any amount, for the reasons stated or for any other reason.

WHEREFORE, for the reasons set forth herein, and in its previously filed Motion to Dismiss, HCA Health Services of Virginia, Inc. respectfully requests that this action be dismissed with prejudice.

**HCA HEALTH SERVICES OF VIRGINIA, INC.**

By Counsel

/s/

John R. Owen (VSB No. 39560)
Julie S. Palmer (VSB No. 65800)
Elizabeth O. Papoulakos (VSB No. 89468)
Imani E. Sowell (VSB No. 95982)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
jowen@hccw.com
jpalmer@hccw.com
epapoulakos@hccw.com
isowell@hccw.com

*Counsel for HCA Health Services of Virginia, Inc.*

13

# C E R T I F I C A T E

I hereby certify that on the 2nd day of September, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Paul McCourt Curley, Esq.
> VSB No. 43794
> Six East Law Group - Curley Law Firm, PLLC
> 6 East Broad Street
> Richmond, VA 23219
> 804-355-8273 - Phone
> paul.curley@sixeastlaw.com

/s/
John R. Owen (VSB No. 39560)
Julie S. Palmer (VSB No. 65800)
Elizabeth O. Papoulakos (VSB No. 89468)
Imani E. Sowell (VSB No. 95982)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
jowen@hccw.com
jpalmer@hccw.com
epapoulakos@hccw.com
isowell@hccw.com

*Counsel for HCA Health Services of Virginia, Inc.*

14